# Delaware County Trust Co., Trustee, et al., Appellants, *v.* Keenan.

*Contracts—Contemporaneous parol agreement—Evidence—Sufficiency—Words and phrases—"Contemporaneous."*

In an action to recover rent under a lease a witness for the defendant testified that the lease was executed in accordance with a verbal understanding that the rent specified should only apply in the case of a sale by the tenant and an assignment of the lease, and that a lower rate should obtain as long as the defendant continued as tenant. Such testimony, corroborated by the fact that the landlord accepted rent for nine months in accordance with the verbal understanding, was sufficient to take the case to the jury.

The word "contemporaneous," when used with reference to parol agreements, in explanation or modification of written instruments, does not necessarily import absolute coincidence in point of time.

A parol agreement may be a contemporaneous parol agreement, even though a week intervened between the agreement and the execution of the written contract to which it related, if the agree-

ment and the contract were part of one transaction, and nothing intervened to interrupt the fixed purpose of the parties.

Argued November 21, 1921.   Appeal, No. 138, Oct. T., 1921, by plaintiffs, from judgment of C. P. Delaware County, June T., 1919, No. 468, on verdict for defendant, in the case of Delaware County Trust Company, Trustee under the Last Will and Testament of Hugh McCaffery, and Marion V. McCaffery, v. Mary Keenan.   Before OR-LADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Affirmed.

Assumpsit to recover rent.   Before BROOMALL, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for the defendant.   Plaintiffs appealed.

*Errors assigned* were refusal to give binding instructions for plaintiff, and refusal to enter judgment for plaintiff non obstante veredicto.

*Joseph H. Hinkson,* and with him *A. D. MacDade* and *J. DeHaven Ledward,* for appellants.—Testimony to vary the terms of a written instrument must show that the alleged agreement was made at a time contemporaneous with the execution of the paper: Phillips v. Meily, 106 Pa. 536; Volk v. Beatty, 40 Pa. Superior Ct. 628.

There being no allegation of fraud, accident or mistake in the written lease, there is no occasion to receive any parol evidence to explain or alter its terms: Martin v. Berens, 67 Pa. 459; Eareckson v. Hoyt, 58 Pa. Superior Ct. 531.

There was no corroboration of the testimony of the defendant's witness: Hall v. Phillips, 164 Pa. 494.

*John E. McDonough,* for appellee.—An attempt to use a written instrument in violation of an oral agreement,

contemporaneous with its execution, is an attempted abuse of the writing sufficient to permit the introduction of parol evidence: Rearick v. Swinehart, 11 Pa. 233; Phillips Gas and Oil Co. v. Glass Co., 213 Pa. 183; Excelsion Sav. F. & L. Association v. Fox, 253 Pa. 257; O'Reilly v. Penna. R. R. Co., 263 Pa. 289; McSorley v. Allen, 36 Pa. Superior Ct. 271.

It is not necessary to prove fraud, accident or mistake where an attempt is made to use a writing contrary to the terms of an oral agreement contemporaneous with its execution: Eareckson v. Hoyt, 58 Pa. Superior Ct. 531.

The oral testimony, as to the parol agreement, was amply corroborated: Smith v. Harvey, 4 Pa. Superior Ct. 377; White v. Black, 14 Pa. Superior Ct. 459.

OPINION BY TREXLER, J., March 3, 1922:

Hugh McCaffery leased unto Mary Keenan certain premises for a term of five years at a monthly rental of $100. He died and the trustees under his will brought suit for the rent. On behalf of the tenant a witness testified that Mary Keenan the tenant sent for her landlord and stated to him that she had a chance to sell out her business and the party who desired to purchase, wanted to have a lease on the premises, that as he knew, she had never had a written lease and that she now desired one; that McCaffery agreed to give her a written lease but informed her that in the event of a sale of her establishment, the rent was to be $100, but as long as she remained as tenant, it would be $75 per month. The lease was accordingly prepared by her and called for a rental of $100 per month. The sale fell through and for three months the tenant paid the old rent of $65 and thereafter $75 per month up to the date of the death of her landlord. Checks were produced showing the amount of each monthly payment and as to this there is no dispute.

The plaintiff contends there was nothing to submit to the jury, that the written contract governs and that the

testimony offered by the defendant did not come up to the standard, in that the proof was not verified by two witnesses or one witness and corroborating circumstances equivalent to another. The lower court held that the testimony was sufficient. We take the same view. The appellant lays great stress upon the fact that the conversation between the parties to the lease took place a week before the actual signing of it, and that to vary the terms of a written instrument, it must be found that such agreement was made contemporaneously with the execution of the paper, that a week having intervened, the occurrences were not contemporaneous. This is taking too narrow a view of the meaning of the word "contemporaneous." The evidence shows that the agreement to fix the rent at $75, if the tenant remained, was made at the same time when it was stated the rent in the written agreement was to be $100 and the written lease was made in pursuance of the very conversation had. The language used by the landlord was "Remember, if you make a new lease out, if any newcomers come here, it is $100 to them, but Mary, while you are here, $75 for you." The word "contemporaneous" does not necessarily import absolute coincidence in point of time. The conversation to which the witness testified and the signing of the lease were part of the one transaction and nothing intervened to interrupt the fixed purpose of the parties.

The court held that there was proper corroboration of the witness in that the landlord accepted $65 for three months and thereafter a check for $75 each month up to the date of his death, a period of nine months. We agree with the lower trial judge that the payment of the monthly sum uninterruptedly and without variation as to amount is not explainable except by the adoption of the truth of the narrative of the witness. These circumstances plainly corroborated her and brought the defendant's proof within the required rule.

The assignments are overruled and judgment is affirmed.